FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 2 0 2004

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

No: CIV-04-0998 LH/LFG
CR-02-1167 LH

JOSEPH ERIC SILVA,

Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #29) filed September 2, 2004. *See* 28 U.S.C. § 2255 R. 4(b). Defendant waived indictment and entered a plea agreement to an information charging possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The Court entered judgment on Defendant's guilty plea on October 23, 2002, and his sentence was affirmed on appeal. In his § 2255 motion, Defendant sets out three substantive claims: (1) the indictment was defective and thus his plea was involuntary; (2) he was denied his right to a jury trial; and (3) the government violated the plea agreement. In a fourth claim Defendant contends that each of the three violations resulted from ineffective assistance of counsel. For the reasons below, the Court will dismiss the § 2255 motion.

Defendant's claim of defective indictment is based on the allegation that he was arrested at an "International (Gate) Port of Entry," which is not the functional equivalent of a "Check Point." He appears to argue that, because he was arrested at the port of entry, the charge against him should have been for importation under 21 U.S.C. § 952 rather than possession under § 841(a)(1). Because

3

the indictment did not charge importation, the Court did not have jurisdiction to convict him of either crime. Defendant's plea, therefore, was involuntary and his attorney provided ineffective assistance by not moving to dismiss the indictment.

Defendant provides no authority for the assertion that a possession arrest occurring at a port of entry is invalid. The Court assumes, for purposes of this order, that Defendant's argument is that, because he was stopped at the border rather than at an interior checkpoint, his proscribed conduct was importing under §952, and not possessing. Pertinent law is to the contrary. First, as a purely territorial matter, "[t]o be convicted of possession with intent to distribute, it is not necessary that the possession occur within the United States or its territories. Under 21 U.S.C. § 841(a)(1), the United States 'may exercise jurisdiction over acts done outside its geographical jurisdiction which are intended to produce detrimental effects within it.'" *United States v. Hanif*, 1 F.3d 998, 1003 (10th Cir. 1993) (quoting *United States v. Arra*, 630 F.2d 836, 840 (1st Cir. 1980)). Furthermore, the criminal laws may be enforced at the border.

> At the functional equivalent of the border, Customs agents may conduct suspicionless searches in certain circumstances. Searches conducted at the actual border of the country are permitted without any suspicion of illegality; they are reasonable under the fourth amendment based on the single fact that the person or item entered the country from outside. For the purpose of suspicionless Customs searches, the border is elastic. Because people can enter the country at points other than along the actual border, courts look to whether the point of entry is the functional equivalent of the border. Places such as international airports within the country and ports within the country's territorial waters exemplify such functional equivalents.

*United States v. Hill*, 939 F.2d 934, 936 (11th Cir. 1991) (citations omitted). Even if there is a functional distinction between a port of entry and a checkpoint, federal criminal laws clearly may be enforced at either site.

And last, "'[i]t is the general rule that, where an act violates more than one statute, the

2

Government may elect to prosecute under either unless the congressional history indicates that Congress intended to disallow the use of the more general statute.' . . . When the circumstances of a particular defendant do not fall within the narrow [importation exception in] section 954, . . . he may be prosecuted pursuant to section 841(a)(1), whether or not any one or all of sections 952, 953, and 954, may also be applicable." *United States v. Gomez-Tostado*, 597 F.2d 170, 174 (9th Cir. 1979) (citations omitted). "In enacting 21 U.S.C. §§ 841(a)(1) and 952, Congress clearly viewed importation and possession with intent to distribute as separate evils that could be punished cumulatively. The United States Code treats them as distinct and separate crimes in different sections. We believe that Congress plainly intended these offenses to be punished separately, and, in appropriate cases, with consecutive sentences." *United States v. Dubrofsky*, 581 F.2d 208, 213 (9th Cir. 1978) (citation omitted). *And see United States v. Larsen*, 952 F.2d 1099, 1101 (9th Cir. 1991) ("[I]llegal drug trafficking, which [§ 841(a)(1)] is designed to prevent, regularly involves importation of drugs from international sources."). The indictment charging possession with intent to distribute was not defective, and Defendant's claims relating to the indictment will be dismissed.

Defendant makes his second claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), contending that the sentence imposed by the Court deprived him of his right to a jury trial.[1] The Supreme Court in *Apprendi* ruled that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Court enhanced Defendant's

---

[1] Defendant also asserts that his prior convictions were incorrectly weighed by the Court. This issue, having been expressly considered by the Court of Appeals in affirming the sentence, is res judicata and will not be revisited in a § 2255 motion. *Kaufman v. United States*, 394 U.S. 217, 227 n.8 (1969); *Reed v. Farley*, 512 U.S. 339, 358 (Scalia, J., concurring), *reh'g denied*, 512 U.S. 1277 (1994).

3

sentence to 220 months based on his prior convictions. The statutory maximum term of imprisonment for violating § 841(b)(1)(C) is twenty years. Because Defendant's sentence enhancement was based on prior convictions and was less than the statutory maximum, there was no *Apprendi* violation.

As an additional element of his second claim Defendant invokes the Supreme Court's recent decision in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), as the basis for challenging his sentence. The ruling in *Blakely* is not available to a defendant on collateral review of his criminal conviction. *Leonard v. United States*, --- F.3d ---, ---, 2004 WL 2048682, at *2 (10th Cir. 2004). For purposes of retroactivity analysis, the decision in *Blakely* merely applies the previously announced *Apprendi* rule, *see Blakely*, 124 S. Ct. at 2536, and thus provides no avenue to Defendant on collateral review of his criminal conviction. *Leonard*, --- F.3d at ---, 2004 WL 2048682, at *2; *see also In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004); *Simpson v. United States*, 376 F.3d 679, 680-81 (7th Cir. 2004). The Court will dismiss Defendant's claim under *Blakely*.

Defendant's third claim is that the government violated the plea agreement. Specifically, he alleges that, after the plea agreement, the government argued for a sentence increase without filing a supplemental information under 21 U.S.C. § 851(a)(1). "We have construed [§ 851(a)(1)] to require the filing of an information in "situations in which a defendant's statutory maximum or minimum is enhanced and not [in] situations where the defendant's increased sentence under the Guidelines is within the statutory range." *United States v. Allen*, 24 F.3d 1180, 1184 (10th Cir. 1994) (quoting *United States v. Novey*, 922 F.2d 624, 627 (10th Cir. 1991). As noted above, Defendant's sentence was calculated under the Guidelines and was less than the statutory maximum. This claim will be dismissed.

4

Last, Defendant asserts a claim of ineffective assistance of counsel, based on the three claims described above. To succeed on a claim of ineffective assistance of counsel Defendant "must . . . show that [counsel's] performance fell below an objective standard of reasonableness and that [Defendant] was prejudiced thereby. *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland*, 466 U.S. at 697). Because Defendant does not make a showing of prejudice from constitutional violations in his underlying claims, his motion does not state a claim for ineffective assistance of counsel. *See Tillis v. Ward*, No. 02-6389, 2003 WL 21101495, at *1 (10th Cir. May 15, 2003) (upholding dismissal of ineffectiveness claim in absence of showing of prejudice). This claim will be dismissed. Defendant is not entitled to relief on the claims in his § 2255 motion, *see* § 2255 R. 4(b), and the motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #29) filed September 2, 2004, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE

5